PER CURIAM.
Leroy Goodwin appeals a circuit court order which denied his post-conviction motion for DNA testing and motion for discovery after an evidentiary hearing. Because competent, substantial evidence supported the trial court’s finding that the DNA evidence Goodwin sought no longer existed, we affirm.
Goodwin was convicted of sexual battery in 1984 and sentenced to life in prison with a twenty-five year mandatory minimum. Almost twenty years later, he filed a motion for post-conviction DNA testing pursuant to Florida Rule of Criminal Procedure 3.858. The trial court denied his motion as legally insufficient. On appeal, however, we determined that the motion was legally sufficient and reversed and remanded to the trial court to entertain Goodwin’s motion on the merits. Goodwin v. State, 930 So.2d 862 (Fla. 4th DCA 2006).
On remand, the trial court held an evi-dentiary hearing on the motion for DNA testing and heard testimony of extensive efforts undertaken by Broward Sheriffs Office Detective Eric Hendel to locate the items identified in Goodwin’s motion. The court found that despite diligent efforts to search for the evidence in various locations, including evidence vaults at the Bro-ward Sheriffs office, medical examiner’s office, Pompano Beach City Hall, Pompano Beach Police Department, Broward Sheriffs Office crime lab, no evidence could be found. The court concluded that “the State and Detective Hendel have performed a thorough, exhaustive, and complete search, attempting to locate the evidence Defendant wished to have tested, after searching all possible locations where the evidence could be located_His [Detective Hendel’s] attempts were complete and exhaustive. This Court has already ordered the State to attempt to locate these items, and they made a thorough and exhaustive attempt. As such, an order directing the State or Detective Hendel to continue to search would be an exercise in futility.”
Florida Rule of Criminal Procedure 3.853 provides procedures for obtaining postconviction DNA testing. Once the trial court has held a hearing on the motion, it must make an initial finding “whether it has been shown that physical evidence that may contain DNA still exists.” Rule 3.853(c)(5)(A), Fla. R.Crim. P. Here, the trial court found that there was no showing that the evidence for DNA testing still existed. That ended its inquiry under the rule.
On appeal, we must determine whether competent, substantial evidence supports the trial court’s finding that evidence for DNA testing no longer exists. Kelley v. State, 974 So.2d 1047 (Fla.2007). In this case, the trial court’s finding was adequately supported by testimony that despite a diligent search of all locations where the requested evidence might have been stored, none of the evidence requested by Goodwin could be located. Accordingly, we affirm the circuit court’s denial of Goodwin’s motion for postconviction DNA testing. We further find no abuse of dis *184 cretion in the denial of his request for post-hearing discovery.

Affirmed.

POLEN, GROSS and TAYLOR, JJ., concur.